IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LORENZO WALKER,

                Petitioner,

vs.                                                                       No. CIV-09-1051 JB/CG

ANTHONY ROMERO, Warden,
and GARY K. KING,
Attorney General for the
State of New Mexico,

                Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on *Petitioners Responed* [sic] *to Final Judgment* ('Motion') (Doc. 18). Petitioner states that he never received the Proposed Findings and Recommended Disposition ('PFRD') entered in his case on February 3, 2010, (Doc. 13), and he requests that he be given an opportunity to object to the PFRD. (Doc. 18 at 1-2). The Court, having considered Petitioner's Motion, the relevant law, and otherwise being fully advised in the premises, **RECOMMENDS** that Petitioner's Motion be **GRANTED**.

        **I.**        **Background**

Petitioner filed his *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* in November of 2009. (Doc. 1). Following the entry of Respondent's answer, this Court filed a PFRD in February of 2010, recommending that the Petition be granted in part and denied in part. (Doc. 13 at 17). Just as with every filing in the case, the PFRD was mailed to Petitioner at the prison where he was incarcerated. Pursuant to 28 U.S.C. § 636(b)(1), Petitioner was informed that he had fourteen (14) days

within which to object to the PFRD. (Doc. 13 at 17). Petitioner was further warned that failure to file timely objections would preclude any appellate review of the PFRD. (*Id.*). Petitioner did not file any objections to the PFRD. Following a *de novo* review, United States District Judge James O. Browning adopted the PFRD on March 17, 2010. (Doc. 16). Judge Browning then entered a notice of Final Judgment and the case was closed that same day. (Doc. 17).

Within ten days of Judge Browning adopting the PFRD and closing the case, Petitioner filed the instant Motion. (Doc. 18). Petitioner states that he never filed objections to the PFRD because he never received it. (*Id.* at 1). Petitioner claims that the log of incoming legal mail at the prison where he is incarcerated would reflect that the PFRD was never delivered to him. (*Id.*).[1] Petitioner therefore requests that the Court set aside the final judgment in the case and that Petitioner be afforded an opportunity to file objections to the PFRD. (*Id.* at 1-2).

**II.     Analysis**

While Petitioner's Motion is simply titled as a "responed" [sic] and does not cite any legal authority, the Court construes Petitioner's response as a motion to alter or amend a judgment pursuant to FED R. CIV. P. 59(e). *See Warren v. American Bankers Ins. of Florida*, 507 F.3d 1239, 1244 (10th Cir. 2007). (10th Cir. 2000) (holding that a motion asking a court to reconsider a final judgment can arise "under Fed R. Civ. P. 59 . . . if filed before or within ten days following entry of judgment."). A court may grant a Rule 59 motion to prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.

---

[1] Plaintiff has not attached any exhibits or evidence to support this assertion and the Court has not means of verifying whether it is correct.

2000) (citing *Brumark Corp. V. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). While the Court's filing system reflects that the PFRD was promptly mailed to Petitioner at his listed address, the Court recognizes that the prison mail system is not perfect. For that reason, the Court recommends that Petitioner be afforded an opportunity to file objections to the Court's PFRD.[2]

### III. Recommendation

The Court finds that, in order to avoid any injustice in the adjudication of Petitioner's case, Petitioner should be afforded an opportunity to file objections to the Court's PFRD. Therefore, the Court **RECOMMENDS** that:

1. United States District Judge Browning's *Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition*, (Doc. 16), be withdrawn;

2. United States District Judge Browning's order of *Final Judgment*, (Doc. 17), be withdrawn;

3. The Clerk of the Court mail another copy of the *Proposed Findings and Recommend Disposition*, (Doc. 13), to Petitioner; and

4. Should Judge Browning adopt this recommendation, Petitioner be afforded fourteen (14) days from the entry of Judge Browning's order to file objections to the Court's *Proposed Findings and Recommended Disposition*.

---

[2] The Court acknowledges that Petitioner's Motion was filed in March of 2010 and the Court apologizes to all parties involved for inadvertently failing to rule on Petitioner's Motion until this time.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE